IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TEWANA R. MEEKINS-PEEK, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:17-CV-1052-ODE-JFK |
| CITI FINANCIAL, | |
| Defendant. | |

## FINAL REPORT AND RECOMMENDATION

The above-styled case is presently before the Court on Plaintiff Tewana R. Meekins-Peek's application to proceed in forma pauperis, 28 U.S.C. § 1915(a) (1964). [Doc. 1]. After consideration of the application, the Court **GRANTS** Plaintiff's request. The Court, having determined that Plaintiff, who is proceeding *pro se*, may proceed without payment of filing fees, is required, pursuant to 28 U.S.C. § 1915(e), to conduct an initial screening of Plaintiff's Complaint. 28 U.S.C. § 1915A(a); and see AMD Property Management v. Lawrence, 2014 WL 1870776, at *3 (N.D. Ga. May 9, 2014) ("Under 28 U.S.C. § 1915(e), a court must '*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.'") (citation omitted)).

AO 72A
(Rev.8/82)

In her Complaint, Plaintiff explains that she "seeks relief from the lender Citi Financial [for] failure to produce the original of the promissory note[.]" [Doc. 1-1 – "Complaint – Dispute of Debt and Notice of Default" ("Compl.") at 2, ¶ 1]. In addition, Plaintiff complains about foreclosing on the contract by an entity which is not a party to the contract and is not named as payee, a third party with no written assignment and who is not a holder of the note. [Compl. at 2, ¶ 3]. Plaintiff complains about cloud on the title to an unidentified property and asserts that the second mortgage should be stripped away.[1] [Compl. at 2, ¶ 5]. Plaintiff's Complaint is nonsensical – at times not utilizing complete sentences. [Compl.]. Presumably, Plaintiff seeks to have this Court vacate what she describes as "illegal foreclosure." [Compl. at 3].

Plaintiff sets out general boilerplate-type paragraphs with the following headings: Fraud, Homestead Right, and Holder In Due Course. [Compl. at 2–3]. However, Plaintiff's purpose for doing so is not clear.[2] This portion of Plaintiff's

---

[1] Plaintiff's Complaint does not identify an address for a residence or property subject to foreclosure and does not identify a loan number. Similarly, Plaintiff does not include any relevant dates for underlying mortgage transactions or assignments or foreclosure proceedings or even specify what Citi Financial's exact role was in the same.

[2] Plaintiff's Complaint identifies her "First Claim For Relief" as encompassing the previous paragraphs one through five, which do not include the un-numbered paragraphs speaking to fraud, homestead rights, and holder in due course. [Compl. at

2

Complaint reads as if she accessed a form complaint from the internet or copied language from a secondary source or academic work.  See Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint.") (citing Chevy Chase Bank, F.S.B. v. Carrington, 2010 WL 745771, at *4 (M.D. Fla. March 1, 2010) ("Huge swaths of the . . . [c]omplaint are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises–material proper in legal memoranda, but almost never proper in a complaint.")).  Plaintiff alleges no facts in connection with these concepts.

    Next, Plaintiff's Complaint states that:

> Defendant Citi-Financial[ ] has never [p]roven entitlement to the plaintiff property.  This is a clear pattern of intentional [f]raudulent conduct, the fraudulent manufacturing of defaults, and the intentional [d]emand for monies to which it was not legally entitled.

[Compl. at 3–4, ¶ 2].  Plaintiff requests "the entry of an Order stating that the second loan will be dismissed because of not producing the proper documents stating that they are indeed the lien holder of the second loan."  [Compl. at 4, Prayer for Relief].

---

3, ¶ 1].  There is no paragraph four.  Plaintiff's enumerated paragraphs go from one through three and then to five.

3

## II.   Standard

Under 28 U.S.C. § 1915(e), the Court must dismiss a complaint if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."[3] Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989) (citation omitted); and see Craven v. Florida, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008) (dismissing complaint upon § 1915(e)(2) frivolity review), report and recommendation adopted by 2008 WL 2856830 (M.D. Fla. July 22, 2008) ("The pauper's affidavit should not be a broad highway into the federal courts.")) (citations and internal quotation marks omitted).

---

[3] Plaintiff is not harmed by the Court *sua sponte* addressing whether the Complaint [Doc. 1-1] should be dismissed as frivolous or for failure to state a claim for which relief may be granted because she will have the opportunity to object to the Court's recommendation following filing of this Report and Recommendation. See Martin v. Citimortgage, 2010 WL 3418320, at *2, 6 & n.8 (N.D. Ga. August 3, 2010) (citing Shrivers v. Int'l Brotherhood of Elec. Workers Local Union 349, 262 Fed. Appx. 121, 125,127 (11th Cir. 2008); see also United States v. Willis, 273 F.3d 592, 597 & n.6 (5th Cir. 2001) (noting that two concerns of notice and an opportunity to be heard were satisfied because the magistrate judge raised the issue and allowed the party the opportunity to argue against those findings to the district court); accord Anderson v. Dunbar Armored, Inc., 67 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009).

4

"A complaint is frivolous if it lacks an arguable basis either in law or in fact . . . or if the plaintiff's realistic chances of ultimate success are slight[.]" McElhaney v. Branch Banking and Trust Co., 2014 WL 12489850, at *1 (N.D. Ga. April 25, 2014), report and recommendation adopted by 2014 WL 12519793 (N.D. Ga. May 20, 2014) (citations and internal quotation marks omitted). Courts have deemed unsupported conclusory factual allegations "'clearly baseless.'" Id. (quoting Craven, 2008 WL 1994976, at *4).

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). However, "the factual allegations in the complaint must be enough to raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted). "To state a plausible claim for relief, a plaintiff must go beyond merely pleading the 'sheer possibility' of unlawful activity by a defendant and . . . offer 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Stabb v. GMAC Mortg., LLC, 579 Fed. Appx. 706, 708 (11th Cir. 2014) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

5

Moreover, because Plaintiff's Complaint is grounded in fraud, her Complaint must comply with Rule 9(b), which requires that "'[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" McElhaney, 2014 WL 12489850, at *2 (quoting Roundtree v. Countrywide Home Loans, Inc., 2009 WL 5215334, at *4 (M.D. Fla. December 29, 2009)). "To satisfy Rule 9(b)'s particularity standard, a complaint should identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiffs; and (4) what the [d]efendants gain[ ] by the alleged fraud." Id. (quoting W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86 (11th Cir. 2008) (internal quotation marks omitted)).

"Pro se pleadings are held to a less demanding standard than counseled pleadings and should be liberally construed." Thomason v. OneWest Bank, FSB, 596 Fed. Appx. 736, 739 (11th Cir. 2014) (citing Gilmore v. Hodges, 738 F.3d 266, 281 (11th Cir. 2013)); accord Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'") (citations omitted). Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the

6

Federal Rules of Civil Procedure.  See Thomason, 596 Fed. Appx. at 739 (citing Twombly, 127 S. Ct. at 1964–65); see also Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

### III.    Discussion

On its face, Plaintiff's Complaint is subject to dismissal upon initial review pursuant to Sections 1915(e)(2)(B)(i) and (ii).  As explained herein, Plaintiff's Complaint lacks an arguable basis in both law and fact.  Neitzke, 109 S. Ct. at 1833 (noting that a claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless").  As such, her Complaint is properly deemed frivolous.  See McElhaney, 2014 WL 12489850, at *1 (dismissing pro se complaint seeking to "'quiet title'" and alleging fraud and violation of the Fair Debt Collection Practices Act, etc., on frivolity review pursuant to § 1915(e)(2)) (citation omitted).  In addition, notwithstanding liberal construction, see Erikson, 127 S. Ct. at 2200, Plaintiff's Complaint fails to satisfy minimum pleading requirements with respect to any discernable cause of action, see Twombly, 127 S. Ct. at 1965 (explaining that the plausibility standard requires factual allegations to "raise the right to relief above the speculative level").

Here, the gist of Plaintiff's grievance is her complaint that Defendant did not produce Plaintiff's original promissory note ("produce the note") and thus failed to prove entitlement to the property. [Compl. at 2]. Regardless of the avenue of relief, which is also unclear from the face of the Complaint, neither federal statutory law nor Georgia common law offers Plaintiff any relief on this basis.[4] See Sellers v. Bank of America, N.A., 2012 WL 1853005, at *7–8 (N.D. Ga. May 21, 2012) (rejecting plaintiff's produce the note claim under Georgia common law, the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*) (citations omitted); accord Allen v. Bank of America, N.A., (N.D. Ga. July 10, 2012) ("this 'produce the note' theory has been rejected routinely by this Court and others") (citing Watkins v. Beneficial, HSBC Mortg., 2010 WL 4318898, at *4 (N.D. Ga. September 2, 2010), and Hill v. Saxon Mortg. Services, Inc., 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009)). To the extent Plaintiff alleges that Defendant was not the "holder" of the note such that Defendant lacked standing to foreclose, see O.C.G.A. § 11-3-301, Plaintiff's Complaint fails as a matter of law on this point as well. You v. J.P. Morgan Chase

---

[4] Plaintiff's case has been classified by the Clerk's Office as an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. [Doc. 1-2 Civil Cover Sheet]. Plaintiff's Complaint refers to the FDCPA in the Holder in Due Course discussion. [Compl. at 3].

8

Bank, N.A., 293 Ga. 67, 743, S.E.2d 428, 430 (2013) (holding that Georgia's non-judicial foreclosure statute "does not require a party seeking to exercise a power of sale in a deed to secure debt to hold, in addition to the deed, the promissory note evidencing the underlying debt"); and see River Forest, Inc. v. Multibank 2009-1 RES-ADC Venture, LLC, 331 Ga. App. 435, 443, 771 S.E.2d 126, 132 (2015) (holding that assignee established a *prima facie* right to recover the underlying debt owed), certiorari denied, July 6, 2015.  And it is well-established law that a mortgagee that was not a party to the assignment of a mortgage loan lacks standing to challenge the assignment of a security deed.  See Montgomery v. Bank of America, 321 Ga. App. 343, 346, 740 S.E.2d 434, 438 (2013).

Further, although Plaintiff's Complaint references the FDCPA generally, she does not assert a specific FDCPA claim. [Compl. at 3].  Plaintiff fails to allege any facts that would support a claim for violation of Section 1692f(6) for foreclosure on a security interest without having a present right to possession of the property through an enforceable security interest.  See McElhaney, 2014 WL 12489850, at *6–7 (discussing statutory requirements for a successful FDCPA claim, construing and analyzing complaint as alleging violation of Section 1692f(6), and explaining that a mortgagor or mortgage servicing company (i.e., a creditor) is not a "debt collector" as defined by the FDCPA as long as the debt was not in default at the time it was

9

assigned) (citations omitted).  Any discernable FDCPA claim contained within Plaintiff's Complaint lacks both the requisite legal and factual support.

Finally, in order to sustain a fraud claim under Georgia law, Plaintiff must show the following elements: "a false representation by a defendant, scienter, intention to induce plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328, 1355 (N.D. Ga. 2004) (quoting Stiefel v. Schick, 260 Ga. 636, 639, 398 S.E.2d 194, 195 (1990)) (internal quotation marks omitted).  Here, Plaintiff has not alleged facts sufficient to establish that Defendant intentionally and knowingly made any false representations or that she justifiably relied on those representations to her detriment. See, e.g., Bernard v. Deutsche Bank Nat'l Trust Co., 2016 WL 5346376, at *11 (N.D. Ga. June 1, 2016), report and recommendation adopted by 2016 WL 5419789 (N.D. Ga. August 3, 2016).  Plaintiff alleges no facts in support of what she describes as "a clear pattern of intentional [f]raudulent conduct" or "the fraudulent manufacturing of defaults" – both statements challenge Plaintiff's default on her second mortgage and Defendant's role in connection with the same.  [Compl. at 4, ¶ 2].  Plaintiff does not plead the "who, what, when, where and how" of the purported fraud. Sellers, 2012 WL 1853005, at *4 (citation and internal quotation marks omitted).  In short, Plaintiff's Complaint is a juxtaposition of mere conclusory statements and does not

satisfy the heightened pleading standards for fraud. Id.; accord Bernard, 2016 WL 5346376, at *10–11 (applying Sellers).

### IV. Conclusion

For the reasons stated herein, the Court finds that Plaintiff's Complaint is frivolous, fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and is, therefore, subject to dismissal on both of these grounds upon initial review pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, **IT IS RESPECTFULLY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO ORDERED THIS** 28th day of March, 2017.

*/s/ Janet F. King*
JANET F. KING
UNITED STATES MAGISTRATE JUDGE